STATE, PLAINTIFF, *v.* CARLISLE, DEFENDANT.

Common Pleas Court, Licking County.

No. 10048.   Decided November 2, 1961.

*Mr. Forrest B. Ashcraft,* prosecuting attorney, for plaintiff.

*Mr. Harold B. Hughes,* for defendant.

HOLTSBERRY, J.  The Licking County Grand Jury indicted Delores Carlisle for armed robbery of her husband, Joseph, on June 16, 1961, by putting him in fear while armed with a pistol and taking money from his person with intent to steal.  The elements of robbery and armed robbery are the same except in the latter offense the accused must also be armed with a pistol, knife, or other dangerous weapon.

Defendant asks dismissal of the case, contending that a husband or wife cannot be criminally prosecuted in Ohio for robbery of the other.  Her counsel places much reliance upon the old Common Law unity theory between husband and wife, and upon public policy.

Some of these old views have in many instances been diluted almost beyond recognition by our changing society.  True, the most cherished of human relationship remains possible for man and wife in marriage, but disruptive changes have resulted from a growing complicated society.  In earlier times, with due consideration given to ordinary reasons of marriage, it was the only way of life that seemed to make economic sense. The wife baked the bread and churned the butter, children carried kindling for the stove, with basic economic factors contributing to the family unit view.  The cash value of a wife to her husband began to decline in our country over a hundred years ago with factories turning out cloth, the corner bakery shops, peaches in tin cans, electric washers and the like.  Today she is worth more financially working outside the home than in it.  Emancipation, if we may call it such, has placed the wife in rather incompatible roles— dedication to the home, a companion, and often a full partner in all activity including earning the bread.  Thus modern man with his somewhat subdued image, compared to that of his mate in her confused personal and property emancipation, can no longer enjoy the position and self-flattery of being King of his Castle.  Such apparent reasons plus property statutes all render obsolete reasoning sound yesterday but unsound today.

Counsel for defendant contends that our Supreme Court in *State* v. *Phillips*, 85 Ohio St., 317, ruled in a manner which application is decisive of the question herein, claiming that larceny is an essential element of robbery and that

without this essential element there can be no crime of robbery between husband and wife.

The holding in the *Phillips case* is concerned solely with a conviction for larceny under the Ohio Statute. Because of the unity of husband and wife at Common Law, neither could be prosecuted for larceny of the goods of the other. This Common Law rule, with respect to larceny, has not been abrogated by the Ohio Statutes defining the rights and liabilities of husband and wife nor by the statute defining the crime of larceny. (See 28 Ohio Jurisprudence 2d, 223.) This Court sees no need to criticize, and could not with propriety, the reasons advanced in the *Phillips case*. Suffice it to say that from a very practical and sensible viewpoint, a contrary holding with respect to larceny between husband and wife would permit multiplying a hundred-fold litigation between husband and wife where marital differences have arisen and would permit "get-even" larceny prosecutions of matters pertaining to property, which property should rightly be the subject matter for the disposition of a domestic relations court.

The elements of robbery in Ohio are;

1. The taking of anything of value
2. From the person of another
3. By force or by violence or by putting in fear (to be armed is necessary in armed robbery)
4. With intent to steal such property,
5. Venue.

Robbery is one of the crimes in Ohio included in the Chapter on crimes against the person, while larceny is included in the one related to property. The larceny statute of Ohio originally contained the old Common Law phrase "property of another." These words were removed by the General Assembly in the year 1877. It is noted there is nothing in our robbery statute limiting the offense to the property of another.

In arriving at the intent of the Legislature it is proper and often prudent to consider the title of the chapters. *Harris* v. *State*, 57 Ohio St., 94.

Further light shines on the instant question when we consider the included offenses of the two crimes. Robbery includes the lesser offenses of assault with intent to rob, assault and

battery and plain assault. This shows emphasis placed on the person. The larceny statute even has an amount division designating the degree of crime. This shows emphasis placed on property. In robbery violence is concomitant with the taking of property. Larceny lacks the ingredient of force and violence that robbery contains. In robbery the taking is only an incident to a wrong of greater magnitude.

Clearly, larceny is an offense against property and it is thus distinguished from robbery in that the latter is an offense against the person, and involves the use of force and violence, or putting in fear, in the taking of the property. (See 34 Ohio Jurisprudence 2d, Larceny, page 3.)

For the reasons stated herein, this Court holds that providing the evidence justifies a court or jury in finding a defendant guilty on all essential elements of the crime of robbery by the proper degree of proof, the defense of the relationship of husband and wife of an accused and the complaining witness can be of no avail, and constitutes no legal defense.